Eugene J. O'Connor (EO 9925)
Timothy Semenoro (TS 6847)
FOWLER, RODRIGUEZ & CHALOS
366 Main Street
Port Washington, New York 11050
(516) 767-3600



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHEM ONE LTD.,

       Plaintiff,     **05 CV 4261 (LAP)**
                **(Main Action)**
 - against -

M/V RICKMERS GENOA, her engines, boilers,
etc., *in rem*; RICKMERS GENOA SCHIFFAHRTSGES
mbH & Cie. KG; UNITED SHIPPING SERVICES,
INC.; and SESCO GROUP INC., *in personam*.

       Defendants.
------------------------------------------------------------X
SHANDONG INDUSTRIAL INC,

       Plaintiff,     05 CV 6226 (GEL)
                (Related Action)
 - against -

M/V RICKMERS GENOA, her engines, boilers, etc.;
M/V SUN CROSS, her engines, boilers, etc.;
RICKMERS-LINIE GmbH & Cie. KG;
RICKMERS GENOA SCHIFFAHRTSGES
mbH & Cie. KG; GENOA NAVIGATION CO. LTD.;
C S MARINE CO. LTD.; SUNWOO MERCHANT
MARINE CO. LTD.; and PUDONG TRANS USA INC.

       Defendants.
------------------------------------------------------------X

------------------------------------------------------------------X
ST. PAUL TRAVELERS, *as subrogor of*
Foreign Tire Sales, Inc.

                    Plaintiff,                    05 CV 8841 (UA)
                                                                  (Related Action)

   - against -

M/V RICKMERS GENOA, *her engines, boilers,*
*tackle, etc.*; ZEN CONTINENTAL CO., INC.;
RICKMERS GENOA SCHIFFAHRTSGES mbH
& Cie. KG; and RICKMERS-LINIE GmbH & Cie. KG
------------------------------------------------------------------X
RICKMERS-LINIE GmbH & Cie. KG; RICKMERS
GENOA SCHIFFAHRTSGES mbH & Cie. KG;            **THIRD-PARTY**
and GENOA NAVIGATION CO. LTD.;                       **COMPLAINT**

                    Third-Party Plaintiffs,

   - against -

ESM GROUP, INC.; ESM (TIANJIN) CO., LTD.;
PUDONG TRANS USA, INC.; and
U.S. SHIPPING, INC.

                    Third-Party Defendants.
------------------------------------------------------------------X

      Third-Party Plaintiffs Rickmers-Linie GmbH & Cie. KG, Rickmers Genoa Schiffahrtsges mbH & Cie. KG, and Genoa Navigation Co. Ltd. (hereinafter collectively "Rickmers"), by their Attorneys, Fowler Rodriguez & Chalos, for their Third-Party Complaint, allege upon information and belief as follows:

### JURISDICTION AND THE PARTIES

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

    2.    At all relevant times, Third-Party Plaintiff Rickmers-Linie GmbH & Cie. KG was and still is a corporation or other business entity duly organized and existing by

the laws of a foreign country and maintains an office at Neumühlen 19, D-22763 Hamburg, Germany.

3.      At all relevant times, Third-Party Plaintiff Rickmers Genoa Schiffahrtsges mbH & Cie. KG was and still is a corporation or other business entity duly organized and existing by the laws of a foreign country and maintains an office at Neumühlen 19, D-22763 Hamburg, Germany.

4.      At all relevant times, Third-Party Plaintiff Genoa Navigation Co. Ltd. was and still is a corporation or other business entity duly organized and existing by the laws of a foreign country and maintains an office at Neumühlen 19, D-22763 Hamburg, Germany.

5.      At all relevant times, Third-Party Defendant ESM Group, Inc. (hereinafter "ESM Group"), was and still is a corporation or other business entity duly organized and existing by the laws of the State of Delaware, maintains an office at 300 Corporate Parkway – 261N, Amherst, New York 14226, and has a registered agent for purposes of accepting New York Department of State service of process care of CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

6.      At all relevant times, Third-Party Defendant ESM (Tianjin) Co., Ltd. (hereinafter "ESM Tianjin"), was and still is a corporation or other business entity duly organized and existing by the laws of a foreign country and maintains an office in Tianjin, Peoples Republic of China, and is a subsidiary, sister company and/or related company to ESM Group.

7.      At all relevant times, Third-Party Defendant Pudong Trans USA, Inc. (hereinafter "Pudong Trans"), was and still is a corporation or other business entity duly

organized and existing by the laws a foreign country and maintains an office at Rm. 2301 Tianxing Riverfront Square, No. 81 Shiyijing Road, Tianjin, Peoples Republic of China.

8. At all relevant times, Third-Party Defendant U.S. Shipping, Inc. (hereinafter "US Shipping"), was and still is a corporation or other business entity duly organized and existing by the laws of the State of California, maintains an office at 2121 W. Mission Road., #307, Alhambra, CA 91803, and has a identified Ms. Rachel Liu located at 2321 Highbury Ave, #51, Los Angeles, as an agent for service of process.

9. Venue is proper and this Court has jurisdiction over the Third-Party Defendants on the basis of their systematic and continuous business contacts and presence in the district, presence of an agent for service of process in the district, and that the cargo which forms the basis of this third-party action was intended to be transported through the district.

## COMMON FACTS

10. Third-Party Defendant ESM Tianjin, as manufacturer and shipper, and ESM Group, as related company, purchaser of cargo and intended consignee, did cause to be shipped, with the assistance of Third-Party Defendants Pudong Trans and US Shipping, a certain cargo of six hundred (600) bags containing what was identified as "Super Sul Mg 89" aboard the RICKMERS GENOA, as per Rickmers-Linie Bill of Lading numbered RCKI153XINCAM41, dated on or about March 3, 2005. Hereinafter, these Third-Party Defendants ESM Tianjin, ESM Group, Pudong Trans and US Shipping will be collectively referred to as "Third-Party Super Sul Defendants."

11. Super Sul Mg 89 is primarily composed of magnesium and prone to generate dangerous and flammable gas.

12. Third-Party Defendants did not provide any warning as to the inherently dangerous nature of this Super Sul Mg 89 cargo.

### FIRST CAUSE OF ACTION – Strict Liability

13. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 12, inclusive, with the same force and effect as if fully set forth herein.

14. Third-Party Super Sul Defendants as manufacturer/shipper and purchaser/receiver, respectively, were obligated to adequately warn and/or inform Plaintiffs as to the inherently dangerous nature of the Super Sul Mg 89 cargo.

15. Third-Party Super Sul Defendants placed this cargo of Super Sul Mg 89 into the stream of commerce without providing any warning of its inherently dangerous nature.

16. In failing to warn and/or inform Third-Party Plaintiffs Rickmers, as the carrier, of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the Third-Party Super Sul Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

17. As a result of Third-Party Super Sul Defendants' failure to warn and/or inform Third-Party Plaintiffs Rickmers, as the carrier, of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the Super Sul Mg 89 did

generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

18. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## SECOND CAUSE OF ACTION – Failure to Warn

19. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 18, inclusive, with the same force and effect as if fully set forth herein.

20. Third-Party Super Sul Defendants, as manufacturer/shipper and purchaser/receiver, respectively, were aware, or should have been aware, of the inherently dangerous nature of the Super Sul Mg 89 cargo prior to delivery to Third-Party Plaintiffs.

21. As a result of Third-Party Super Sul Defendants' failure to warn and/or inform Third-Party Plaintiffs Rickmers of the inherently dangerous nature of the cargo, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

22. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

### THIRD CAUSE OF ACTION – Negligence

23. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 22, inclusive, with the same force and effect as if fully set forth herein.

24. Third-Party Super Sul Defendants were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform Third-Party Plaintiffs as to the inherently dangerous nature of the Super Sul Mg 89 cargo and properly package, brace and stow the cargo prior to carriage.

25. Third-Party Plaintiff could not, with the exercise of reasonable care, have perceived this dangerous nature.

26. As a result of Third-Party Super Sul Defendants' failure to warn and/or inform Third-Party Plaintiffs Rickmers of the inherently dangerous nature of the cargo, ensure that the cargo properly packaged, braced and stowed, and their own negligence, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

27. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

### FOURTH CAUSE OF ACTION – Breach of Contract

28. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 27, inclusive, with the same force and effect as if fully set forth herein.

29. The subject bill of lading requires that the shipper and consignee, Third-Party Super Sul Defendants, identify and inform the carrier, Third-Party Plaintiffs, of all goods that are or may become dangerous, inflammable or damaging; such inherently dangerous goods must be properly packed by the Third-Party Super Sul Defendants to withstand the risks inherent in ocean carriage; and Third-Party Super Sul Defendants, regardless of their knowledge of the inherently dangerous nature of the cargo, shall indemnify the Third-Party Plaintiffs against all claims, losses, damages and expenses arising in consequence of the carriage of such goods.

30. In breach of said bill of lading terms, Third-Party Defendants failed to identify and inform Third-Party Plaintiffs of the inherently dangerous cargo; failed to properly package the inherently dangerous cargo. Furthermore, the Third-Party Defendants remain obligated to indemnify Third-Party Plaintiffs against all of the claims, losses, damages and expenses arising in consequence of the carriage of such goods.

31. As a result of Third-Party Super Sul Defendants' breach of the express terms of the subject bill of lading, the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

32. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## FIFTH CAUSE OF ACTION – Breach of Warranty/Negligent Misrepresentation

33. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 32, inclusive, with the same force and effect as if fully set forth herein.

34. In transporting the subject cargo of Super Sul Mg 89, Third-Party Plaintiffs relied upon certain statements (i.e. express warranties) made by Third-Party Super Sul Defendants, including but not limited to the certificate identifying the commodity, chemical composition and usage of the subject cargo.

35. Such a certificate confirming that the product was packed, labeled, placed and stuffed into its respective container is required by, among others things, Title 49 of the United States Code and the Code of Federal Regulations.

36. Third-Party Super Sul Defendants knew or should have known that Third-Party Plaintiffs would believe these representations in the certificate to be true and that Third-Party Plaintiffs would act in reliance on them.

37. During the course of the subject voyage, Third-Party Plaintiffs did rely to their detriment on the false representations made by Third-Party Super Sul Defendants, and in breach of the express warranty, the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

38. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

## SIXTH CAUSE OF ACTION – Indemnity/Detrimental Reliance

39. Third-Party Plaintiffs reiterate, repeat and reallege the foregoing paragraphs numbered 1 through 38, inclusive, with the same force and effect as if fully set forth herein.

40. On or about February 22, 2005, Third-Party Defendant ESM Tianjin and its agents issued a Letter of Indemnity to Third-Party Plaintiffs in conjunction with the transportation of the subject cargo.

41. This Letter of Indemnity incorrectly stated in that the Super Sul Mg 89 is not a dangerous cargo and that the 600 bags shipped were packed in a seaworthy manner.

42. Third-Party Defendant ESM Tianjin knew or should have known that Third-Party Plaintiffs would believe these representations to be true and that Third-Party Plaintiffs would act in reliance on them.

43. This Letter of Indemnity also provided in pertinent part that the carrier could claim against ESM Tianjin for consequential damages resulting from the shipment of said cargo.

44. By virtue of this Letter of Indemnity, Third-Party Plaintiffs agreed to transport the subject cargo of 600 bags of Super Sul Mg 89 and are to be indemnified by Third-Party Defendant ESM Tianjin for damages resulting from the carriage of said cargo.

45. During the course of the subject voyage, Third-Party Plaintiffs did rely to their detriment on the false representations made by Third-Party Defendant ESM Tianjin,

and the Super Sul Mg 90 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and her cargo on or about March 8, 2005.

46. By reason of the premises, Third-Party Plaintiffs Rickmers have sustained damages as nearly as can now be estimated, no part of which has been paid, although duly demanded, in the amount of US $40,000,000.00.

**WHEREFORE**, Third-Party Plaintiffs Rickmers prays:

A. that judgment be entered in favor of Defendant / Third-Party Plaintiffs Rickmers and against each and every Third-Party Defendant for any award for damage to the Plaintiffs, herein together with the costs and disbursements of this action;

B. that judgment be entered in favor of Defendant / Third-Party Plaintiffs Rickmers and against each and every Third-Party Defendant for the hull damages sustained by the RICKMERS GENOA and her cargo, as near as can be estimated in the amount of US $40,000,000.00, herein together with the costs and disbursements of this action;

C. that all of the Third-Party Defendants be directed to indemnify and/or contribute to the resulting cargo claims;

D. that judgment be entered in favor of Defendant / Third-Party Plaintiffs Rickmers for such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
October 26, 2005

                        FOWLER RODRIGUEZ & CHALOS,
                        Attorneys for
                        Defendant / Third-Party Plaintiffs Rickmers

By: _____
       Eugene J. O'Connor (EO 9925)
       Timothy Semenoro (TS 6847)
       366 Main Street
       Port Washington, New York 11050
       Phone: (516) 767-3600